**Bhag SINGH, Joginder Kaur, Petitioners,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 06–5823–ag.**

United States Court of Appeals, Second Circuit.

May 5, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Scott E. Bratton, Margaret Wong & Associates, Cleveland, OH, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners Bhag Singh and Joginder Kaur, natives and citizens of India, seek review of a November 30, 2006 order of the BIA affirming the August 13, 2004 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying their motion to rescind their *in absentia* removal order and reopen proceedings to allow them to apply for adjustment of status. *In re Bhag Singh, Joginder Kaur,* Nos. A70 528 714/715 (B.I.A. Nov. 30, 2006), *aff'g* Nos. A70 528 714/715 (Immig. Ct. N.Y. City, Aug. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA adopts the decision of the IJ and supplements that decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). An order of removal may be entered in absentia if an alien fails to appear at a scheduled hearing and the Government provides clear, unequivocal, and convincing evidence that written notice of the hearing has been provided and that the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). An in absentia removal order may be rescinded upon a motion to reopen filed within 180 days after the date of the removal order if the alien demonstrates that his failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). We review the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006).

Singh and Kaur concede that their motion to rescind and reopen was untimely. However, they argue that the agency should have reopened their proceedings *sua sponte.* The BIA may at any time reopen, on its own motion, any case in which it has rendered a decision. *See* 8 C.F.R. § 1003.2(a). However, the BIA's decision whether to exercise its *sua sponte* authority to reopen proceedings

pursuant to 8 C.F.R. § 1003.2(a) is an entirely discretionary determination that this Court lacks jurisdiction to review. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006)(per curiam). Thus, this Court may not review the BIA's refusal to reopen *sua sponte* Singh and Kaur's proceedings for the purpose of either rescinding the *in absentia* removal order or allowing Singh and Kaur to apply for adjustment of status. *See id.*

Singh and Kaur's argument that the BIA did not recognize that it had the authority to reopen their proceedings *sua sponte* for the purpose of rescinding the *in absentia* order is meritless. Indeed, the BIA explicitly presumed that it had such authority. Similarly, Singh and Kaur's argument that the BIA addressed reopening for the purpose of allowing them to apply for adjustment of status, but did not address reopening for the purpose of rescinding the *in absentia* order, is belied by the plain language of the BIA's opinion. That opinion makes clear that the BIA found insufficient justification to reopen the proceedings *sua sponte* for any reason, whether to rescind the *in absentia* order, or to allow Singh and Kaur to apply for new relief.

For the foregoing reasons, the petition for review is DISMISSED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).